**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodrick Wade High-Elk,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>　　　　Respondents. | No. CIV 11-364-TUC-FRZ (GEE)<br><br>**REPORT AND**<br>**RECOMMENDATION** |

    Pending before the court is a petition for writ of habeas corpus filed on June 15, 2011, by Rodrick Wade High-Elk, an inmate confined in the Arizona State Prison Complex in Florence, Arizona.  (Doc. 1)

    Also pending are the petitioner's motions for discovery, disclosure, and leave to file an amended reply.  (Docs. 12, 15, 16)

    Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Edmonds for report and recommendation.

    The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition.  It is time-barred.

Summary of the Case

    High-Elk was convicted after a jury trial of three counts of aggravated assault with a deadly weapon or dangerous instrument, two counts of aggravated driving under the influence

of liquor, and fleeing from a law enforcement vehicle. (Doc. 11-1) The trial court sentenced High-Elk to concurrent sentences, the longest of which was 15.75 years' imprisonment. *Id.*

On direct appeal, High-Elk argued he was denied a fair trial because prosecution witnesses improperly testified to prior bad acts and because the evidence was insufficient to support the assault convictions. (Doc. 11-2) The court of appeals affirmed his convictions and sentences on August 29, 2007. (Doc. 11-1) The Arizona Supreme Court denied his petition for review without comment on January 28, 2008. (Doc. 11-2) High-Elk did not file a petition for certiorari with the U.S. Supreme Court. (Doc. 1, p. 4)

On March 19, 2008, High-Elk filed notice of post-conviction relief. (Doc. 11-7) Counsel filed a petition in which he conceded he could find no colorable issues for review. (Doc. 11-3, pp. 6-9) He nevertheless urged the court to hold a hearing on the issue of executive clemency because the sentence required by law was excessive. *Id.* On August 6, 2008, the trial court dismissed the petition without a hearing. (Doc. 11-3, p. 48) High-Elk subsequently filed two motions to extend the time for filing a pro se petition for review of the trial court's denial. (Doc. 11-3, pp. 50-52) The trial court granted the motions, but High Elk did not file a petition for review. (Doc. 11-3, p. 54)

On December 1, 2008, High-Elk filed a second notice of post-conviction relief. (Doc. 11-4) He argued trial counsel was ineffective for failing to properly evaluate the state's plea agreement. *Id.* Trial counsel believed High-Elk would be eligible for a minimum sentence of 10.5 years should he lose at trial and therefore concluded the plea agreement of 10.5 years offered no advantage. *Id.* After trial however, High-Elk was sentenced to 15.75 years' imprisonment, which was in fact the minimum sentence available by law. *Id.*

The trial court denied the petition on March 4, 2009. (Doc. 11-5, p. 2) The court of appeals granted review but denied relief on July 30, 2009. (Doc. 11-5, p. 27) High-Elk's petition for review before the Arizona Supreme Court was denied on June 15, 2010. (Doc. 11-5, p. 67)

On June 20, 2011, High-Elk filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) He argues (1) he was denied a fair trial when

prosecution witnesses gave prior bad-act testimony violating the pre-trial order, (2) trial counsel was ineffective for giving incorrect advice causing the defendant to reject the state's plea agreement, (3) counsel failed to request that the trial court give him special permission to petition the Board of Executive Clemency pursuant to A.R.S. § 13-603(L), and (4) the evidence presented at trial was insufficient to prove intent.  (Doc. 1)

On October 31, 2011, the respondents filed an answer arguing, among other things, that the petition is time-barred.  (Doc. 7) High-Elk filed a reply on December 2, 2011.  (Doc. 13)

High-Elk also filed a motion for discovery (Doc. 12), a motion for disclosure (Doc. 16), and a motion for leave to file an amended reply (Doc. 15).

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241.  A one-year limitation period applies to persons in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d). The statute reads in pertinent part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

>judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The limitation period for High-Elk's claims was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The court of appeals affirmed his convictions and sentences on August 29, 2007. (Doc. 11-1) The Arizona Supreme Court denied his petition for review without comment on January 28, 2008. (Doc. 11-2) High-Elk then had 90 days to petition the U.S. Supreme Court for review. Sup. Ct. R. 13. When he did not do so, his judgment became final on April 28, 2008.[1] *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

The one-year limitation period did not begin to run immediately because High-Elk's first post-conviction relief petition was pending at this time. *See* 28 U.S.C. § 2244(d)(2). Tolling pursuant to § 2244(d)(2) continued until August 6, 2008, when the trial court dismissed the petition without a hearing. (Doc. 11-3, p. 48) The limitation period began to run the next day and ran for 117 days until December 1, 2008, when High-Elk filed a second notice of post-conviction relief and statutory tolling resumed. (Doc. 11-4)

Tolling pursuant to § 2244(d)(2) continued until his petition for review was denied by the Arizona Supreme Court on June 15, 2010. (Doc. 11-5, p. 67) The limitation period resumed the next day and expired 248 days later on February 18, 2011. High-Elk filed his petition in this court on June 15, 2011.[2] It is time-barred.

---

[1] The 90th day, April 27, 2008, is a Sunday. *See* Sup. Ct. R. 30.

[2] High-Elk put his petition in the prison mailing system on this day. (Doc. 1, p. 19); *See Laws v. Lamarque*, 351 F.3d 919, 922 n. 2 (9th Cir. 2003) (discussing the "prison mailbox rule").

- 4 -

High-Elk argues his petition is timely because the limitation period did not begin until his second petition for post-conviction relief was denied by the Arizona Supreme Court on June 15, 2010. (Doc. 13, p. 6) He is incorrect.

The limitation period began to run when the trial court denied his first post-conviction relief petition because, at that time, he had no petition for post-conviction relief "pending." *See* 28 U.S.C. § 2244(d)(2); *Banjo v. Acers*, 614 F.3d 964, 968 (9th Cir. 2010) ("[P]eriods between different rounds of collateral attack are not tolled."), *cert. Denied*, 131 S.Ct. 3023 (2011); *Hemmerle v. Schriro*, 495 F.3d 1069, 1075-76 (9th Cir. 2007) (The limitations period was not tolled between the dismissal of the petitioner's first PCR notice and the filing of his second PCR notice.), *cert. Denied*, 555 U.S. 829 (2008). High-Elk's limitation period ran for 117 days until he filed his second notice of post-conviction relief. Tolling pursuant to § 2244(d)(2) resumed and continued until June 15, 2010, when the Arizona Supreme Court denied his petition for review. (Doc. 11-5, p. 67) The limitation period resumed the next day and expired 248 days later on February 18, 2011. High-Elk filed his petition in this court on June 15, 2011. It is time-barred.

Outstanding Motions

On December 2, 2011, High-Elk filed a motion to conduct discovery. (Doc. 12) High-Elk would like information about the current state of the law on the issue of ineffective assistance of counsel. *Id*. He also requests access to certain trial exhibits, which would establish that he suffered K-9 bites when he was arrested. *Id*.

In light of this court's conclusion that the petition is time-barred, High-Elk's motion to conduct discovery on the merits should be denied as moot. (Doc. 12)

On December 23, 2011, High-Elk filed a motion for disclosure. (Doc. 16) High-Elk seeks access to certain trial exhibits and to the police files related to his arrest. *Id*.

In light of this court's conclusion that the petition is time-barred, High-Elk's motion for disclosure on the merits should be denied as moot. (Doc. 16)

Also on December 23, 2011, High-Elk filed a motion to file a supplement to his reply brief.  (Doc. 15)  In his supplement, High-Elk offers additional argument related to his evidentiary claim and his sufficiency of the evidence claim.  In the interest of completeness, the motion should be granted.  (Doc. 15)

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the Petition for Writ of Habeas Corpus.  (Doc. 1)  It is time-barred.

High-Elk's motion to conduct discovery should be denied as moot.  (Doc. 12)

High-Elk's motion for disclosure should be denied as moot.  (Doc. 16)

High-Elk's motion to file a supplement to his reply brief should be granted in the interest of completeness.  (Doc. 15)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation.  If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 31st day of January, 2012.

_____
Glenda E. Edmonds
United States Magistrate Judge